ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ZENAIDA HERNÁNDEZ GONZÁLEZ Y OTROS<br><br>Peticionarios<br><br><br>V.<br><br>DILIA DIANA ZAYAS Y OTROS<br><br>Recurridos | TA2025CE00806 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Coamo<br><br>Caso Núm.: CO2022CV00372<br><br>Sobre:<br><br>División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 12 de enero de 2026.

Zenaida Hernández González y Miguel Armando Vidró Hernández (parte peticionaria) nos solicitan que revisemos la Resolución que emitió el Tribunal de Primera Instancia, Sala de Coamo el 24 de septiembre de 2025 y notificada el 29 de septiembre de 2025. Mediante esta el foro primario impuso una sanción económica de $1,000.00 a ser pagada dentro del término de treinta (30) días por incumplir sin justa causa con la fecha límite para la culminación del descubrimiento de pruebas.

Evaluado el recurso, disponemos expedirlo y *MODIFICAR* la Resolución recurrida.

### I.

El 25 de octubre de 2022, Zenaida Hernández González y su hijo Miguel Armando Vidró Hernández, quien es militar,

representado por su madre, presentaron una demanda de liquidación de la comunidad hereditaria de Miguel A. Vidró Santiago. Interpusieron la acción contra la esposa del causante, la señora Dilia Diana Zayas, y sus hijos Ramona, Manuel Antonio, Raquel y Wanda Ivette todos de apellido Vidró Diana.

Luego de otros trámites, el 5 de mayo de 2025, se celebró una *Vista de Estado de los Procedimientos*. Surge de la Minuta[1] que compareció la abogada del demandante, Lcda. Hilda E. Colón Rivera y el abogado de la parte demandada, Lcdo. Jorge Torres Montes. El foro primario manifestó que no estaba conforme como estaba corriendo el descubrimiento de prueba y le impuso a cada parte una sanción económica de $300.00. A petición de ambos abogados, la sanción fue eliminada. Además, el tribunal de instancia pautó lo siguiente: "Se da el descubrimiento de prueba por terminado el día **7 de julio de 2025** y no se volverá a mover." Señaló la conferencia con antelación al juicio para el día 11 de agosto de 2025 y separó la semana del 15 al 19 de septiembre de 2025 como fechas tentativas para el juicio. Así mismo, proveyó sesenta (60) días para tasar las propiedades, contestar los requerimientos de admisiones y realizar otras gestiones.

Luego de ciertas incidencias procesales, el 4 de agosto de 2025, el foro primario emitió una *Orden*[2] en la cual indicó que, "[l]as partes tenían hasta el 1 de agosto de 2025 para presentar el Informe de Conferencia con Antelación a Juicio, lo cual incumplieron. Tengan un término final hasta el 8 de agosto a las 12:00 p.m. para presentarlo, so pena de sanciones económicas."

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), apéndice documento con entrada 153.
[2] SUMAC TA, apéndice documento con entrada 172.

El 5 de agosto de 2025, la parte demandante-peticionaria presentó una *Moción Informativa*, relacionada a que le había notificado su parte del informe a la parte demandada.[3]

Más adelante, el 8 de agosto de 2025 las partes rindieron un *Informe Sobre Conferencia Preliminar Entre Abogados[4]*. La parte demandante identificó veintiocho (28) documentos como parte de su prueba documental. En cuanto a esa prueba, la parte demandada expresó lo siguiente: "La parte demandada desconoce el contenido de los documentos aquí relacionados con los números 1-2, 5-8, 10-23 ya que los mismos no se nos notificaron y el descubrimiento de prueba cerró y culminó."

El 11 de agosto de 2025 se celebró la Conferencia con Antelación al Juicio. Surge de la *Minuta[5]* que las partes estipularon cierta prueba documental. El foro primario manifestó lo siguiente:

> Se concede hasta el 12 de septiembre de 2025 para que la **licenciada Colón** presente Moción sobre el Descubrimiento de Prueba. Se señala Continuación de Conferencia con Antelación a Juicio para el 15 de septiembre de 2025 a las 9:30 a.m. por Videoconferencia. Se deja sin efecto las vistas de Juicio en su Fondo de los días 16, 17, 18 y 19 de septiembre de 2025. Se hace constar que están marcadas las Pruebas Estipuladas y las de la parte Demandada. Faltan las Pruebas de la parte Demandante y discutir la prueba testifical. (Énfasis nuestro).

El 11 de septiembre de 2025 la parte demandante, aquí peticionaria interpuso una *Moción en cumplimiento de orden relativo al descubrimiento de prueba[6],* toda vez que la parte demandada adujo que no se le había notificado una prueba

---

[3] SUMAC TA, apéndice documento con entrada 173.
[4] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 178.
[5] SUMAC TPI, entrada 187.
[6] SUMAC TPI, entrada 193.

documental. En síntesis, expresó que, una vez advino en conocimiento de que no había notificado una serie de documentos, procedió a notificarlos al abogado de la otra parte por correo electrónico. Así mismo, planteó que la prueba documental adicional que se le notificó a la parte demandada, era la relacionada a pagos de construcción, mantenimiento y reconstrucción de una de las propiedades inmuebles perteneciente a la comandante Zenaida Hernández y que los demandados reclamaban como suya, no causaba dilación en el caso.

El 12 de septiembre de 2025 el recurrido presentó una *Réplica a "Moción en cumplimiento de orden relativo al descubrimiento de prueba"*[7]. En resumen, le informó al foro primario que el 16 de agosto de 2025 la abogada de la parte demandante le envió un correo electrónico con una serie de documentos. Que esto ocurrió después de la fecha en que culminó el descubrimiento de pruebas el 7 de julio de 2025 y luego de presentado el Informe de Conferencia con Antelación al Juicio. En consecuencia, solicitó que no se permita, ni se autorice la inclusión de referidos documentos por no existir justa causa para la tardanza.

El 15 de septiembre de 2025, el foro primario celebró la *Continuación de la Conferencia con Antelación al Juicio*. En la *Minuta*[8] de referida vista, el foro primario plasmó lo siguiente:

> El tribunal hace constar que les dejó a ambos representantes legales que se expresaran, ambos presentaron sus argumentos, pero el punto aquí es que en este caso el descubrimiento de prueba terminaría el día 7 de julio de 2025, por lo tanto, la **licenciada Colón** tenía que haber enviado toda la prueba e igual el licenciado Torres a la licenciada Colón, los documentos en controversia, los cuales son

---

[7] SUMAC TPI, entrada 197.
[8] SUMAC TA, apéndice documento con entrada 206.

bastantes, son 20 grupos que entre los mismos hay fotografías y según surge no fueron enviados al licenciado Torres antes de la fecha límite del 7 de julio. (énfasis nuestro)

**El tribunal ante esa realidad le imputa a la clienta de la licenciada Colón la responsabilidad** y eso tiene unas consecuencias. Ese incumplimiento no puede perjudicar al cliente del licenciado Torres máxime leyendo el caso que la licenciada Colón citó (PV Properties vs El Jíbarito).

Por lo tanto, partiendo de la premisa que en este caso hay un militar activo se pueden permitir los documentos, pero **conforme la Regla 37.7 hay que emitir sanción y este tribunal le impone $50.00 dólares de sanción por cada paquete de documento si lo pretende presentar**.

[……..]

El tribunal luego de escuchadas las partes hace constar que el licenciado Torres tendrá la oportunidad de hacer descubrimiento de prueba y si hay que realizar otra deposición la parte demandante tiene que costearla y ese descubrimiento esta suscrito a los documentos que fueron presentados fuera del término.

[……..]

Así las cosas, el 24 de septiembre de 2025, el foro primario emitió una *Resolución*, notificada el 29 de septiembre del corriente año. En esta realizó un recuento de los asuntos medulares respecto al descubrimiento de pruebas y decretó lo siguiente:

Por tanto, al no haber controversia de que la parte demandante incumplió sin justa causa con la orden emitida en la vista del 5 de mayo de 2025 —referente a la fecha límite para la culminación del descubrimiento de prueba—, el tribunal le impone una sanción de cincuenta ($50) por cada identificación en el Informe sobre Conferencia Preliminar entre Abogados que no fue notificada a la parte demandada y que se pretende utilizar en el juicio.

Dado que los documentos no notificados corresponden a las identificaciones 1 al 2, 5 al 8 y 10 al 23, para un total de veinte (20) identificaciones, la parte demandante deberá pagar una **sanción ascendente a mil dólares ($1,000), en caso de que pretenda utilizar todos los documentos anunciados**. Esta cantidad deberá ser pagada dentro de un término de treinta (30) días.

Asimismo, considerando que los documentos fueron notificados recientemente a la parte demandada, ya culminado el descubrimiento de prueba, se le concede a esta última un término de treinta (30) días para informar si considera necesario realizar algún descubrimiento adicional, limitado a esos documentos.

Finalmente, se ordena que la parte demandante deberá cubrir los gastos y costas razonables incurridos por la parte demandada en relación con cualquier método de descubrimiento de prueba adicional que esta deba llevar a cabo —de manera justificada— como consecuencia directa del incumplimiento y el retraso imputable a la parte demandante.

Insatisfechos, los peticionarios solicitaron reconsideración el 2 de octubre y con la oposición de los recurridos, el 6 de noviembre de 2025, el foro primario declinó reconsiderar.

Aun inconformes, los peticionarios presentaron un recurso de *certiorari* en el que señalaron que incidió el TPI en lo siguiente:

Primero: Al obviar que las disposiciones relativas al descubrimiento de prueba, así como la Regla 37.7 de Procedimiento Civil no son una camisa de fuerza que impida desviarse del texto de una regla o ley, tomando en consideración de que es un hecho incontrovertido que nuestro representado es un militar activo.

Segundo: Al sancionar a un miembro de las fuerzas armadas por no haber notificado al recurrido unas identificaciones en o antes de la fecha en que el TPI dispuso que finalizaría el descubrimiento de prueba, a sabiendas de que este le cobija las disposiciones del Service Members Civil Relief Act, en adelante "SCRA".

Tercero: Al aplicar como camisa de fuerza lo resuelto en Rivera Gómez v Arcos Dorados Puerto Rico, 212 DPR 194 (2023) donde el Tribunal Supremo dispuso que procede la imposición de sanciones económicas por el incumplimiento injustificado con las órdenes y señalamiento del tribunal para así evitar dilaciones innecesarias, a sabiendas de que el demandado es un miembro de las fuerzas armadas el cual está activado hasta el 2026, por lo que había justa causa.

Cuarto: Al obviar que su función judicial es realizar un balance justiciero, tomando como base la constitución y la justicia como valores supremos a los cuales el procedimiento debe servir como un instrumento y no aplicar reglas como camisa de fuerza.

Quinto: Al imponer la suma total de $1,000.00, más el pago de los gastos y costas que incurra la parte demandada en relación al descubrimiento de prueba, por no haber notificado veinte (20) identificaciones al

recurrido en o antes del término de finalizar el descubrimiento de prueba.

La parte recurrida presentó una *Oposición a Expedición de Recurso de Certiorari*. Con el beneficio de ambos escritos, disponemos.

**II.**

**A.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá

revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR ___ (2025), la cual señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida Regla dispone lo siguientes criterios:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. BPPR v. SLG Gómez-López, *supra*, pág. 337.

**B.**

Es norma reiterada que el Tribunal de Primera Instancia goza de amplia discreción para regular el ámbito del descubrimiento de prueba, toda vez que tiene el deber de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Consejo de Titulares v. Triple-S, 2025 TSPR 82, 216 DPR ___ (2025); Rivera et al. v. Arcos Dorados et al., *supra*, pág. 203; Cruz Flores et al. v. Hosp. Ryder et al., 210 DPR 465, 497 (2022).

Por lo tanto, al momento de limitar el descubrimiento de prueba según las reglas de procedimiento civil, los tribunales deberán hacer un balance entre estos dos intereses. Rivera et al. v. Arcos Dorados et al., *supra*, pág. 204; Rivera y otros v. Bco. Popular, 152 DPR 140, 154-155 (2000). Su importancia consiste en que el descubrimiento de pruebas cumple el propósito de: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Rivera et al. v. Arcos Dorados et al., *supra*, pág. 203, R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, págs. 333-334.

Para dar cumplimiento a estos objetivos y no actuar de forma arbitraria y caprichosa, los tribunales deben conceder *un tiempo razonable* para que ambas partes puedan completar su descubrimiento, evaluar la información obtenida, y así estar en

mejor posición de presentar su caso. Rivera y otros v. Bco. Popular, *supra*, pág. 156. Así pues, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).

A su vez, es doctrina reiterada que el descubrimiento de prueba debe ser amplio y liberal. Consejo de Titulares v. Triple-S, *supra*; Izquierdo II v. Cruz y otros, 213 DPR 607, 616 (2024); Rivera et al. v. Arcos Dorados et al., *supra*; Cruz Flores et al. v. Hosp. Ryder et al., *supra*, pág. 496; McNeil Healthcare v. Mun. Las Piedras II, 206 DPR 659, 672 (2021). Se ha indicado que el esquema adoptado por nuestras reglas deja en manos de **los abogados** el trámite del descubrimiento, para así fomentar una mayor flexibilidad y minimizar la intervención de los tribunales en esta etapa procesal. Rivera y otros v. Bco. Popular, *supra,* pág. 153. La etapa procesal del descubrimiento de pruebas goza de gran flexibilidad por tratarse de una fase preliminar y su duración puede depender de la complejidad de cada caso. Rivera et al. v. Arcos Dorados et al., *supra*, pág. 213.

En cuanto al manejo del caso y el descubrimiento de pruebas, la Regla 37.1 (f) de Procedimiento Civil, dispone que en la reunión entre los abogados estos deben:

> Preparar un plan itinerario de todo descubrimiento de prueba que se propongan realizar, incluyendo las fechas para su cumplimiento y para las deposiciones de partes, testigos y personas peritas, si alguna han de hacer. Incluirán los mecanismos de descubrimiento de prueba que utilizarán, si alguno, y el término dentro del cual se realizará.

En armonía con lo antes expuesto, la Regla 37.3 de Procedimiento Civil, provee para que el tribunal emita una orden sobre la calendarización del caso que recoja las disposiciones y acuerdos considerados en la conferencia inicial. De esta forma, la regla permite la intervención temprana del tribunal para establecer de manera clara la calendarización del caso. Rivera et al. v. Arcos Dorado et al., supra, pág. 204.  Al mismo tiempo, la regla dispone que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de este apéndice". Rivera et al. v. Arcos Dorado et al., *supra*, pág. 205, citando la Regla 37.3(c) de Procedimiento Civil, *supra*.

La mencionada Regla 37.7 de Procedimiento Civil, dispone que "[s]i una parte **o su abogado o abogada** incumple con los términos y señalamientos de esta regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda". Íd.  Como vemos, la Regla 37.7 de Procedimiento Civil, regula lo concerniente a la imposición de sanciones económicas por incumplir con las órdenes y los señalamientos relacionados al manejo del caso, sin que medie justa causa. Rivera et al. v. Arcos Dorado et al., *supra*, pág. 205. Cabe destacar que nuestro ordenamiento procesal reconoce la facultad del tribunal para sancionar **al abogado**, a la parte o ambos en diferentes instancias. Íd., nota 5. (Énfasis nuestro).

Así pues, en aras de evitar dilaciones innecesarias en el manejo de un caso, la Regla 37.7 de Procedimiento Civil, *supra*, provee para la imposición de sanciones económicas por el incumplimiento injustificado con las órdenes y los señalamientos del tribunal. Rivera et al. v. Arcos Dorado et al., *supra,* pág. 214.

Ahora bien, aun cuando los tribunales cuentan con un alto grado de discreción al momento de decidir cómo conducir los procedimientos que presiden, esa discreción no es infinita ni su ejercicio ocurre en un vacío. Está íntimamente ligada al concepto de razonabilidad. Pueblo v. Santiago Cruz y en interés Menor FLR, 205 DPR 7, 53 (2020). Es por eso por lo que, aunque los tribunales apelativos generalmente nos abstenemos de intervenir con las decisiones del foro primario relacionadas al manejo del caso, en algunas ocasiones "la buena discreción y la justicia parecen ejercerla a veces, y a pesar de nuestra norma de abstención, resulta ser nuestro deber insoslayable **corregir lo que hubiere de exceso** o de injusto en el uso de esa discreción, para que no se lesionen derechos que estamos llamados a proteger". Pueblo v. Santiago Cruz y en interés Menor FLR, *supra,* págs. 53-54, citando a Ortiz Rivera v. Agostini, 192 DPR 187, 193-194 (1965).

### III.

La parte peticionaria alegó, en síntesis, que incidió el foro primario al imponerle una sanción económica de $1,000.00, más el pago de los gastos y costas que incurra la parte demandada en relación con el descubrimiento de prueba adicional. Señaló que por error involuntario no se le notificó a la parte recurrida. Aludió a que el copeticionario es un militar activo a quien le cobija las

disposiciones federales del *Servicemembers Civil Relief Act* (SCRA), 50 USC App. secs. 501 *et seq*.

La parte recurrida en su Oposición al recurso de *certiorari*, alegó a grandes rasgos que el Tribunal no le adjudicó responsabilidad al militar, por el incumplimiento con la notificación de la prueba. Al contrario, adujo que el codemandante Vidró Hernández ha participado activamente de los procesos del caso.

Revisamos. De los hechos que informa esta causa surge que el 25 de octubre de 2022 los aquí peticionarios Zenaida Hernández González y su hijo Miguel Armando Vidró Hernández, presentaron una demanda de liquidación de la comunidad hereditaria. Luego de otros trámites, en la vista celebrada el 5 de mayo de 2025, el foro primario extendió el descubrimiento de prueba hasta el día **7 de julio de 2025**.

El 8 de agosto de 2025 las partes rindieron el *Informe Sobre Conferencia Preliminar Entre Abogados[9]*. Allí, la parte demandante identificó ciertos documentos como parte de su prueba documental. En cuanto a esa prueba, la parte demandada manifestó, en el mismo informe, que desconocía el contenido de los documentos relacionados con los números 1-2, 5-8, 10-23, ya que, no le fueron notificados antes de que el descubrimiento de prueba culminara.

Trabada la controversia sobre los documentos no notificados, el 11 de septiembre de 2025, la abogada de la parte demandante interpuso una *Moción en cumplimiento de orden relativo al descubrimiento de prueba[10]*. En síntesis, expresó que, una vez advino en conocimiento de que no había notificado una

---

[9] SUMAC TPI, entrada 178.
[10] SUMAC TPI, entrada 193.

serie de documentos relacionados a una las propiedades inmuebles perteneciente a la comandante Zenaida Hernández, procedieron a notificarlos. Indicó que la omisión no causaba dilación. El 12 de septiembre de 2025, la parte demandada-recurrida reaccionó y le informó al foro de primera instancia que los documentos le fueron entregados el 16 de agosto de 2025.

En vista de que los documentos fueron entregados luego de concluido el descubrimiento de pruebas, en la audiencia del 15 de septiembre de 2025, el tribunal manifestó que, "la licenciada Colón tenía que haber enviado toda la prueba e igual el licenciado Torres a la licenciada Colón, los documentos en controversia.[11]" Más adelante, por imputarle a la clienta de la licenciada Colón la responsabilidad, el foro primario impuso una sanción económica de $50.00 dólares por cada paquete de documento, a tenor con la Regla 37.7 de Procedimiento Civil. Ese día, el tribunal de primera instancia emitió otras órdenes a ambas partes.

De lo anterior surge que el foro primario indicó que la licenciada Colón tenía que haber enviado los documentos a la otra parte, antes de que culminara el descubrimiento de pruebas. También mencionó que la clienta era responsable, pero la sanción se impone a la abogada, interpretamos.

Más adelante, el 24 de septiembre de 2025, el foro primario emitió la *Resolución* aquí recurrida, en la cual, reiteró el incumplimiento, sin justa causa, con la fecha límite para la culminación del descubrimiento de prueba. Decretó que los documentos no notificados correspondían a las identificaciones 1 al 2, 5 al 8 y 10 al 23, para un total de veinte (20) identificaciones

---

[11] SUMAC TA, apéndice documento con entrada 206.

a razón de cincuenta dólares ($50.00) para un total de **mil dólares ($1,000.00) como sanción**, en caso de que se pretenda utilizar todos los documentos anunciados.

Evaluado el caso y el expediente de SUMAC, resulta adecuado que el foro primario decretara que la abogada de la parte apelante incumplió sin justa causa con la entrega de documentos a la fecha límite del descubrimiento de pruebas.

Ahora bien, aun cuando procedía la sanción, esta debió ser primeramente a la abogada. Primero, porque las reglas dejan en manos de los abogados el trámite del descubrimiento y segundo, porque la Regla 37.7 de Procedimiento Civil, *supra*, permite que se impongan de sanciones económicas a un abogado cuando incumple, sin justificación, con las órdenes del tribunal.

Por otro lado, la sanción de mil dólares ($1,000.00) resulta excesiva de acuerdo con las circunstancias del caso. Del expediente surge que la abogada y la parte demandante se mantuvieron participando activamente del caso, no incurrieron en dejadez en su comportamiento ni abandono en el trámite. Además, el expediente refleja que, una vez la abogada fue advertida de que no había suplido la documentación, esta corrigió la situación y el 16 de agosto de 2025 suplió los documentos al abogado del demandado. Consideramos, también, que imponer una sanción económica por cada grupo de documento no suplido, resulta un mecanismo irrazonable. Por tales razones, reducimos la sanción de mil ($1,000.00) dólares a trescientos ($300.00) dólares, por ser una cuantía adecuada y razonable, a la luz de las circunstancias del caso.

**IV.**

En consideración a lo anteriormente expresado, se expide el auto solicitado y se modifica la resolución recurrida para reducir la sanción de mil ($1,000.00) dólares a trescientos ($300.00) a ser pagados **por la abogada** de la parte demandante.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones